# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Damiane Antron McCoy, *a/k/a Damaine Antron McCoy*,<br><br>           Plaintiff,<br>    v.<br><br>Angelica Brown, Hearing Officer,<br><br>           Defendant. | Case No. 9:24-cv-3256-RMG<br><br><br>**ORDER** |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge recommending Plaintiff's action be summarily dismissed without prejudice and without service of process or leave to amend. (Dkt. No. 39). The Magistrate Judge advised Plaintiff he had 14 days to file written objections to the R & R, and a failure to file written objections would result in clear error review and a waiver of the right to appeal the district court's order. (*Id.* at 11). Plaintiff filed no objections to the R & R.

### I.     Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but

1

instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II. Discussion

This action involves a claim by a pro se state prisoner against a hearing officer. The Magistrate Judge recommended the summary dismissal of this action on the basis of (1) lack of jurisdiction; (2) failure to state a claim; and (3) failure to bring the case into proper form. (Dkt. No. 39 at 9). The Magistrate Judge further recommended that to the extent Plaintiff asserted any plausible state law claim, the Court should decline to exercise supplemental jurisdiction. (*Id*. at 7-8). The Court finds that the Magistrate Judge ably addressed the factual and legal issues in this case and correctly concluded that the case should be summarily dismissed.

## III. Conclusion

In light of the foregoing, the Court **ADOPTS** the R & R (Dkt. No. 39) as the Order of the Court and **DISMISSES** Plaintiff's complaint (Dkt. No. 1) without prejudice, without leave to amend, and without issuance and service of process.

**AND IT IS SO ORDERED.**

    s/Richard M. Gergel  
Richard Mark Gergel  
United States District Judge

January 10, 2025  
Charleston, South Carolina